

**P**eltan **l**aw,pllc
128 Church Street
**East Aurora**, ny 14052
716.655.3887 office
716.374.5431 mobile

**D**avid **G.P**eltan,esq.
attorney & counselor
at law,licensed in:
New York
Georgia
Florida

July 22, 2014

<u>***VIA ECF***</u>
Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
United States Federal Courthouse
Central Islip, NY 11722

> **RE:  JORDAN WEXLER, on behalf of themselves and all others similarly situated**
> **v. I.C. SYSTEMS INC.**
> **Docket No.: 2:14-cv-02420(JFB)(GRB)**

Dear Judge Bianco:

We represent the defendant in the above matter. We write to request a pre-motion conference in anticipation of Defendant filing a Motion to Dismiss under FRCP 12(b)(6).

Plaintiff's Complaint asserts that Defendant attempted to collect a debt from Plaintiff in violation of the Fair Debt Collection Practices Act (the "FDCPA") (15 U.S.C. §1692 *et seq.*) by failing to identify the name of the creditor to whom the debt was owed. Plaintiff received written notice from Defendant stating, in part, "[t]his letter is being sent to advise you about an important notice regarding your National Grid – Long Island Power account." Plaintiff argues that because the debt was from Plaintiff's contract with the Long Island Power Authority and not National Grid, and moreover that the two are separate companies, Defendant violated the FDCPA.

Defendant will establish that no deception was created by its letters and therefore this case should be dismissed. Defendant will establish that because National Grid controlled and managed 90% of the operating and capital budgets of the Long Island Power Authority, and processed the latter's financial transactions; and that many of which were treated as pass-through costs to the Long Island Power Authority. Defendant will further ask the Court to take Judicial Notice of information published on the Long Island Power Authority website, clearly laying out the internal control structure and procedures of the company.

The Long Island Power Authority is a governmental entity with an active Board of Trustees. At the time of the violation, National Grid was managing both the physical resources and finances of the Long Island Power Authority. Defendant's notice to Plaintiff indicating that

1

Wexler v. I.C. Systems Inc.

both companies were entitled to the debt was proper as the debt was to the Long Island Power Authority, as managed by National Grid.  The notice also contained language advising the consumer that if he disputed the validity of the debt, he was to write to Defendant who would promptly provide the consumer with the name and address of the original creditor.

Defendant is prepared to submit the motion and brief on this matter in accordance with Your Honor's rules and pending a pre-motion conference.

Thanking this Court for its time and attention to this matter, we remain,

Very truly yours,

s/ David G. Peltan
David G. Peltan, Esq. (DP6862)
Attorney for Defendant

s/ Bradley J. Levien
Bradley J. Levien, Esq. (BL0503)
Local Counsel for Defendant

BJL/DGP/kk

2

Wexler v. I.C. Systems Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2014 I served the foregoing electronically with the Clerk

of the District Court using its CM/ECF system, which would then electronically notify the

following CM/ECF participants on this case:

Plaintiff, Jordan Wexler via his counsel of record –

Shimshon Wexler, Esq.
The Law Offices of Shimshon Wexler, PC
216 West 104th Street
#129
New York, NY 10025

And, I hereby certify that, to the best of my knowledge and information, there are no

other participants on this case requiring service by any means.


This 22nd  day of July, 2014.                    Respectfully submitted,

s/ Bradley J. Levien
Bradley J. Levien, Esq. (BL0503)
Local Counsel for Defendant

Wexler v. I.C. Systems Inc.