*The Law Offices of Shimshon Wexler, PC*
*216 W. 104th St., #129*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
<u>swexleresq@gmail.com</u>

July 28th, 2014

<u>VIA CM/ECF</u>
Hon. Joseph Bianco, U.S.D.J.
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:   Wexler v. I. C. Systems, Inc. 14-cv-2420 (JFB) (GRB)

Dear Judge Bianco:

I am the attorney for the plaintiff in this action. This letter is submitted to demonstrate to the Court that the proposed motion to dismiss both lacks merit and is premature.

The FDCPA in Section 1692g(a)(2) requires that either in the initial communication or within five days after the initial communication with a consumer, the debt collector must provide the consumer with "the name of the creditor to whom the debt is owed." As with the other requirements under the FDCPA, this information must be provided in a manner that the least sophisticated of consumers would understand. Because it was not, the Defendant violated the FDCPA.

Courts have consistently held that where language in the collection letter is objectively confusing or misleading to a consumer as to the identity of the current creditor, the debt collector has violated FDCPA § 1692g(a)(2).

For instance, in the recent case of Eun Joo Lee v. Forster & Garbus, LLP, 12-cv-420-DLI-CLP (EDNY) the debt collection letter stated "Re: NCOP XI, LLC A/P/O CAPITAL ONE" and it was held to violate the FDCPA for failing to identify the

name of the creditor to whom the debt was owed. Even though the creditor was NCOP XI, LLC the Court reasoned that "the letter does not clearly and effectively convey [NCOP]'s role in connection with the debt."

In our case, the letter refers to a National Grid- Long Island Power account. National Grid and Long Island Power are two companies and the letter does not state their relationship with each other. When Plaintiff was displaced from his home due to Hurricane Sandy, he was forced to rent an apartment and he opened two accounts—one with Long Island Power (which provided him with electricity) and one with National Grid (which provided him with gas).

When Plaintiff left the apartment and returned to his home, he had disputes with both companies who alleged that he owed money. Both accounts were placed with collection agencies. Defendant's letter was certainly confusing as to which of Plaintiff's two accounts it was seeking to collect. Plaintiff as well as the least sophisticated consumer should not be charged with having knowledge of National Grid's affiliation with Long Island Power. In addition, the law requires the letter to state the name of the creditor to whom the debt is owed, not the entities that are "entitled to the debt" as Defendant seems to be implying.

Lastly, the Defendant wants the Court to accept certain facts as true and rule in its favor. Plaintiff needs discovery to challenge those facts.

Plaintiff thanks the Court for its attention to this matter.

Respectfully Submitted,

_____/s_____
Shimshon Wexler


Cc: All Counsel of Record via CM/ECF