UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JORDAN WEXLER,

    Plaintiff

vs.

I.C. SYSTEMS, INC.,

    Defendant.
_____

Civil Action File No.
2:14-cv-02420-JFB-GRB

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS

### PRELIMINARY STATEMENT

Defendant respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint. Exhibit "A". In the Complaint, Plaintiff Jordan Wexler has asserted a single cause of action against defendant I.C. Systems, Inc. (hereinafter "I.C.") under the United States Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ( the "FDCPA").

Defendant respectfully submits that, even assuming as true all of the allegations in the Complaint, and upon a review of the documents annexed to and embraced by the Complaint, Plaintiff's Complaint fails to state a cause of action upon which relief may be granted against defendant. The Complaint must therefore be dismissed with prejudice. Fed. R. Civ. P. 12(b)(6).

### FACTS

Plaintiff's Complaint alleges the following set of facts:[1]

Defendant is a debt collection agency that was attempting to collect a debt from Plaintiff. Compl. ¶¶ 7, 8 and Exhibit A thereto. An initial notice was sent to Plaintiff notifying him that

---

[1] Plaintiff's factual allegations are taken as true solely for the purposes of this motion.

his account was with I.C.  *Id.* at 8, 9 and Exhibit A.  The written notice Plaintiff received states, in part, "[t]his letter is being sent to advise you about an important notice regarding your National Grid – Long Island Power account."  *Id.* at and Exhibit A.  The letter further states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt…this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.* at Exhibit A.  Plaintiff does not allege that he ever contacted I.C. to request additional information regarding the original creditor.

## ARGUMENT

### I.   LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12, all factual allegations contained in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).  The issue "is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 235-36 (1974)).  While the pleading standard set forth in Rule 8 of the F. R. Civ. P. is a liberal one,

> the pleading standard Rule 8 announces . . . demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation. A pleading that offers labels and conclusion or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations and quotations omitted). Thus, a complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Id*. (*quoting* *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In meeting this plausibility standard, the Plaintiff must demonstrate more than a sheer possibility of unlawful action; pleading facts that are merely consistent with a defendant's liability is insufficient. *Id*. See also *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) ("Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the Plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." (internal quotes and cites omitted)); *Gavish v. Revlon, Inc.*, No. 00 Civ. 7291 (SHS), 2004 WL 2210269, at *10 (S.D.N.Y. Sept. 30, 2004) ("Bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations and will not defeat a motion to dismiss."). The factual allegations of a complaint must be enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Legal conclusions "couched as factual allegations" are not accepted as true. *Iqbal*, 129 S.Ct. at 1950.

## II. THE ALLEGATIONS IN THE COMPLAINT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In his Complaint, Plaintiff asserts conclusory and vague allegations that I.C. willfully violated the FDCPA by failing to identify the name of the creditor to whom his debt was owed. Compl. ¶ 20. Plaintiff argues that the notice from I.C. stated the debt was regarding Plaintiff's National Grid – Long Island Power Authority account; and that there is no such company. He claims that National Grid and the Long Island Power Authority are two separate entities. *Id.* at ¶¶ 11-16.

The FDCPA imposes civil liabilities for violations of its policies, specifically in this case, Section 1692g – Validation of Debts.  The section reads, in part,

> "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall...send the consumer a written notice containing…(2) the name of the creditor to whom the debt is owed." *Id.* at 19.

Plaintiff alleges that because National Grid and the Long Island Power Authority are two separate companies, I.C. violated the FDCPA for failing to identify the name of the creditor to whom the debt is owed.  *Id.* at 20.

It is a matter of public record, and the Court should take judicial notice that, at the time I.C. sent the collection notice, the resources of the Long Island Power Authority were under the management of National Grid.  The Long Island Power Authority is a government entity with an active Board of Trustees.  Most resources of the Long Island Power Authority are outsourced.  The Long Island Power Authority website contains a transparency section, wherein it describes its year end Internal Control Structure and Procedures, advising all consumers and others that

> given the unique outsourcing business model that the [Long Island Power] Authority operates under, whereby approximately 90% of the operating and capital budgets are managed by National Grid, significant reliance is placed upon the internal controls at National Grid.

Long Island Power Authority, *Assessment of the Internal Control Structure*, December 31, 2012, *available at* http://www.lipower.org/pdfs/company/trans/LIPAinternalcontrol-12.pdf.  Exhibit "B."  To continue, the following year, the relationship between the Long Island Power Authority and National Grid was reiterated in the year end Internal Control Structure and Procedures, describing that,

> Furthermore, in 2013 the Authority operated under a unique outsourcing model whereby National Grid performed significant business functions related to the electric transmission and

- 4 -

> distribution system, *including the processing of financial transactions, many of which are treated as pass-through costs to LIPA*.

Long Island Power Authority, *Assessment of the Internal Control Structure*, December 31, 2013, *available at* http://www.lipower.org/pdfs/company/trans/LIPAinternalcontrol-13.pdf. (Emphasis added). Exhibit "C."

Plaintiff alleges that I.C. fails to state to whom the debt is owed, basing this on his claim that there cannot be "combined" accounts for two separate companies. Compl. ¶ 16. However, as seen in the internal controls of the Long Island Power Authority, National Grid was operating and managing the capital budgets and financial transactions of the Long Island Power Authority and treating them as pass-through costs. Exhibit "B;" Exhibit "C."

Therefore, the notice sent by I.C. to the Plaintiff stating that "[t]his letter is being sent to advise you about an important notice regarding your National Grid – Long Island Power account," in fact references the relationship between National Grid and the Long Island Power Authority. *Id.* at 7, 8 and Exhibit A. This letter is therefore factually correct and in fact explicitly identifies the creditor at issue.

The Plaintiff's Complaint never alleges that the notice from I.C. is confusing. Plaintiff only claims that I.C. failed to state to whom the debt was owed. I.C. states clearly that the debt is owed to National Grid – Long Island Power Authority, referencing both companies that control the resources by which the debt was created. This was a factually correct statement, and the letter identifies to whom the debt is owed as required by the FDCPA and contrary to the essential elements of Plaintiff's Complaint. Therefore, even assuming all of the facts in the Complaint as true, the Complaint fails to state a cause of action upon which relief may be granted against the defendant.

III.     **PLAINTIFF'S AUTHORITY IS DISTINGUISHABLE**

In Plaintiff's pre-motion letter, he incorrectly relies on *Eon Joo Lee v. Forster & Garbus LLP and NCOP XI, LLC*, 926 F. Supp.2d 482 (E.D.N.Y. 2013).  The facts underlying that case and holding do not parallel the facts before the Court.  The Court noted in that case that Defendants used confusing language in the initial communication by naming the creditor, followed by a confusing abbreviation and the name of the original creditor.  *Id.* at 488.  The dunning notice used in *Lee* stated that the debt was owed to NCOP XI, LLC A/P/O Capital One, which is obviously confusing and was not explained in the body of the letter.  What it meant was that an investor named NCOP XI, LLC had purchased the Capital One debt, which is something few people would understand without explanation.

In the present case, clearly stated that "[t]his letter is being sent to advise you about an important notice regarding your National Grid – Long Island Power account."  Compl. ¶ 8, 9 and Exhibit A hereto.  Defendant stated very plainly who the original creditor was.  Unlike NCOP XI, LLC, it is a matter of public knowledge that National Grid was managing the assets of the Long Island Power Authority.  The problem in *Lee* was a lack of information, but in this case the information is well known.  Accordingly the *Lee* decision has no bearing on the case before the Court.

## **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the Complaint and this action be dismissed with prejudice.

Dated: Hicksville, New York
       August 27, 2014

                             Respectfully submitted,

                             s/ Bradley J. Levien
                             BRADLEY J. LEVIEN, ESQ. (BL0503)
                             MINTZER, SAROWITZ ZERIS
                             LEDVA & MEYERS, LLP
                             Local Counsel for Defendant
                             I.C. SYSTEM, INC.
                             17 West John Street, Suite 200
                             Hicksville, NY 11801
                             (516) 939-9200
                             BLevien@defensecounsel.com
                             File # 007602.000020

                             s/ David G. Peltan
                             DAVID G. PELTAN, ESQ. (DP6862)
                             PELTAN LAW, PLLC
                             Attorney for Defendant
                             I.C. SYSTEM, INC.
                             128 Church Street
                             East Aurora, NY 14052
                             (716) 655-3887
                             davidpeltan@peltanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2014 I served the foregoing electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Plaintiff, Jordan Wexler via his counsel of record –

Shimshon Wexler, Esq.
The Law Offices of Shimshon Wexler, PC
216 West 104th Street
#129
New York, NY 10025

And, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

Dated: Hicksville, New York
August 27, 2014

                        Respectfully submitted,

                        s/ Bradley J. Levien_____
                        BRADLEY J. LEVIEN, ESQ. (BL0503)
                        MINTZER, SAROWITZ ZERIS
                        LEDVA & MEYERS, LLP
                        Local Counsel for Defendant
                        I.C. SYSTEM, INC.
                        17 West John Street, Suite 200
                        Hicksville, NY 11801
                        (516) 939-9200
                        BLevien@defensecounsel.com
                        File # 007602.000020