UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JORDAN WEXLER, individually and
on behalf of a class,

                                                                                                     Case No.: 14-cv-2420(JFB)(GRB)

                Plaintiff,

    v.

I. C. SYSTEM, INC.

                Defendant.
-----------------------------------------------------X

## **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

                              Shimshon Wexler
                              The Law Offices of Shimshon Wexler,PC
                              216 West 104th St. #129
                              New York, NY 10025
                              (212) 760-2400
                              (917) 512-6132 (fax)
                              swexleresq@gmail.com
                              *Attorney for plaintiff*

## I. Introduction

Plaintiff Jordan Wexler ("Plaintiff") asserts that Defendant I. C. System, Inc. ("IC" or "Defendant"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 and 15 U.S.C. §1692g.

The collection letter received by Plaintiff and attached as Exhibit A to the Complaint has an Account Summary Box and inside the box the first line states "National Grid- Long Island Power". The letter also begins "Dear Jordan Wexler This letter is being sent to advise you about an important notice regarding your National Grid- Long Island Power account."

At the time he received the letter, Plaintiff had one Long Island Power account and one National Grid account. Both accounts were with collection agencies. The accounts arose from Plaintiff's occupancy at a rental apartment in Long Beach after he was displaced from his home due to Hurricane Sandy. Plaintiff disputed both accounts. Plaintiff also believed the accounts were completely separate- and they actually are separate. Plaintiff did not know that National Grid managed any of the affairs of Long Island Power. Indeed, Plaintiff did not know that National Grid had any relationship whatsoever with Long Island Power.

The FDCPA, 15 U.S.C. §1692g(a)(2) requires a debt collector to send a consumer a written notice within 5 days of its initial communication or in the initial communication "the name of the creditor to whom the debt is owed." The collection letter that is the subject of this Complaint was the initial communication, thus it had to provide the name of the creditor to whom the debt is owed. Because the letter did not convey clearly the creditor to whom the debt is owed the Defendant violated the FDCPA.

## II. Standard of Review

As this is a motion to dismiss, the Court must assume the truth of "all well-pleaded, non conclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 123 (2d Cir.2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). To survive a motion to dismiss, a complaint must plead facts sufficient to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)—that is, it must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. However, the court need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). On the other hand, "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct.

1289, 1296, 179 L.Ed.2d 233 (2011). All that is required is "a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*

### III. DEFENDANT'S FDCPA VIOLATION

The Defendant violated 15 U.S.C. § 1692g(a) by failing to properly state the name of the creditor. 15 U.S.C. § 1692g(a) sets forth the requirements for a validation letter:

§ 1692g. Validation of debts

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) *the name of the creditor to whom the debt is owed;*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the

4

consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added.)

In determining whether a debt collector has violated the FDCPA, courts apply an objective standard measured by how the "least sophisticated consumer" would interpret the communication. *See, e.g., Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993) (adopting least sophisticated consumer standard for § 1692e); *Russell,* 74 F.3d at 34 (applying least sophisticated consumer standard to a case under § 1692g) *Greco v. Trauner, Cohen & Thomas, L.L.P,* 412 F.3d 360, 363 (2d Cir.2005) (applying least sophisticated consumer standard for § 1692e); *Ellis v. Solomon and Solomon, P.C.* 591 F.3d 130 (2d Cir. 2010) (applying least sophisticated consumer standard to a case under § 1692g).  Savino v. Computer Credit, Inc. 164 F.3d 81 (2d Cir 1998) (applying least sophisticated consumer standard to a case under § 1692g). That it may be obvious to specialists or the particularly sophisticated that a given statement is false or inaccurate does nothing to diminish that statement's "power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts

5

business. Laws are made to protect the trusting as well as the suspicious." *Federal Trade Comm'n v. Standard Educ. Soc'y,* 302 U.S. 112, 116, 58 S.Ct. 113, 82 L.Ed. 141 (1937).

"Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty. Thus, a debt collector violates the Act if its communication is "reasonably susceptible to an inaccurate reading" of the required message……..The critical question is therefore whether the notice fails to convey the required information "clearly and effectively and thereby makes the least sophisticated consumer uncertain" as to the meaning of the message." *DeSantis v. Computer Credit Inc.,* 269 F.3d 159, 161 (2d Cir.2001).

Plaintiff alleges that IC violated 15 U.S.C. § 1692g(a)(2) by referring in its validation letter to a National Grid- Long Island Power account without actually identifying the creditor to whom the debt is owed. This is a failure to state "the name of the creditor to whom the debt is owed."

The FDCPA in § 1692a(4) defines the word "creditor" to mean "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or

transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

In this case, despite the letter's contrary indication, National Grid neither extended credit nor is the debt owed to it. Plaintiff could not pay National Grid the balance and this account was not created by National Grid extending credit to the Plaintiff. Defendant's attempt to show that National Grid managed the affairs of Long Island Power goes to further support the factual allegation that Long Island Power is the creditor of Plaintiff's account and not National Grid.

The FDCPA's requirement regarding creditors provides an indication as to what is required of debt collectors when identifying creditors in a validation letter. Under the FDCPA, creditors are generally exempt from liability. However, 15 U.S.C. § 1692a(6) creates the "false name exception," under which a creditor can be treated as a debt collector if a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." Courts interpreting the "false name exception" have held that a creditor is not required to use its exact, legal name to avoid falling under the exception. *See Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2nd Cir.1998); *Dickenson v. Townside T.V. & Appliance, Inc.*, 770 F.Supp. 1122 (S.D.W.Va.1990). Rather, a creditor may use "the name under which

it usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Maguire,* 147 F.3d at 235.

Although § 1692a(6) applies to creditors rather than to debt collectors, it is nonetheless instructive when considering the obligations of debt collectors when identifying creditors. In this case, there is no evidence that "National Grid- Long Island Power" is a name under which Long Island Power usually transacts business or that it is a name that it has used from the inception of the credit relationship between Plaintiff and Long Island Power.

In *Lee v. Foster & Garbus LLP,* 926 F.Supp.2d 482, 486–87 (E.D.N.Y.2013), the Court denied a motion to dismiss a claim that the debt collector failed to identify the name of the creditor to whom the debt is owed even though the collection letter listed an entity in two reference lines as "NCOP XI, LLC A/P/O CAPITAL ONE." The Court held that "NCOP was the entity to which Plaintiff owed money and it is mentioned in the Collection Letter twice, but the letter does not clearly and effectively convey its role in connection with the debt." Thus the Court held that Plaintiff stated a plausible claim that the letter violated 1692g.

Similarly, in *Sparkman v. Zwicker & Assocs., P.C.,* 374 F.Supp.2d 293 (E.D.N.Y.2005), the collection letter identified one entity –"The Bureaus"–in the "Re:" line of the letter, another entity as the original creditor, and then goes on to

8

describe "The Bureaus" as "an agent of the current owner of your account." The Court held, in granting the plaintiff summary judgment on the § 1692g(a)(2) claim, that this "suggests that the creditor is someone other than The Bureaus. The least sophisticated consumer would not deduce from reading the Collection Letter that the name of the creditor seeking collection is The Bureaus."

Lastly, in *Dewees v. Legal Servicing, LLC,* 506 F.Supp.2d 128 (E.D.N.Y.2007) the Court held that the collection letter violated § 1692g(a)(2). In this case the Defendant argued that the first sentence adequately identified the creditor to whom the debt is owed. The first sentence stated that "The debt identified above was sold by CHASE, all of your rights and obligations regarding this contract have been assigned to this office." The Court held that "Although the letter in *Sparkman* clearly provided even less information about the identity of the creditor than the instant letter, I find the reasoning of *Sparkman* to be persuasive. I therefore determine that Dewees' claim that the letter fails to identify the creditor is plausible and can withstand a motion to dismiss. Using surveys of unsophisticated consumers, expert testimony, and/or other evidence, Plaintiff may be able to establish that the Letter would have failed to identify the creditor to the least sophisticated consumer."

In our case, Plaintiff's claim that the collection letter failed to identify the creditor with the words "National Grid- Long Island Power account" is plausible

9

and should withstand this motion to dismiss. In any event, there is an issue of fact as to whether the letter conveyed clearly the name of the creditor to whom the debt is owed and Plaintiff should be given the opportunity through expert testimony, surveys of consumers and other evidence to establish that the letter failed to identify the creditor to the least sophisticated consumer.

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss in its entirety.

Dated: September 23, 2014

                                                    By:_____/s_____
                                                         Shimshon Wexler