UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JORDAN WEXLER,

                Plaintiff,

v.

I.C. SYSTEM, INC.

                Defendant.

FILE NO.: 2:14-cv-02420-JFB-GRB

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

### Introduction

I.C. System, Inc. (hereinafter referred to as "Defendant") is the servicer of defaulted debt for the Long Island Power Authority (hereinafter "LIPA"). LIPA has had a Power Supply and Service Contract with National Grid beginning in 2007 and continuing through the time this matter was brought before the Court. As part of the Agreement, National Grid was the entity under contract with LIPA to provide management and operation services associated with LIPA's electric distribution to the Long Island region.

Plaintiff defaulted on his payment of his electric services bill with LIPA and the loan was placed with Defendant to attempt to collect the debt. Defendant sent Plaintiff notice of collections on March 6, 2014. Within the notice, Defendant clearly spelled out that the account in question was Plaintiff's National Grid – Long Island Power account, and provided the account number in question.

**Argument**

I.     **Defendant Named the Creditor in the Notice to Plaintiff**

Contrary to the allegations in Plaintiff's Complaint, Defendant defined the Creditor to whom a debt was owed. Plaintiff readily admits in his Complaint and Response that in its initial communication with Plaintiff, Defendant stated two times that the letter was being sent in connection with Plaintiff's National Grid – Long Island Power account. Defendant has already shown in the initial Motion that National Grid was the controlling entity of LIPA, including controlling LIPA's financial transactions and capital budgets. *See* doc 12, *Memorandum in Support,* at 4-5 ("approximately 90% of the operating and capital budgets are managed by National Grid" ; "National Grid performed significant business functions…including the processing of financial transactions…"). By providing the Plaintiff with the name of the entity to which his debt is owed, Defendant satisfied the FDCPA, and Plaintiff's Complaint should be dismissed with prejudice.

II.    **Plaintiff May Not Bring an Argument Not Present in the Complaint**

a.  **Plaintiff's Argument that the Notice is Confusing Does Not Pertain to the Complaint as Written and Does Not Defeat the Motion to Dismiss**

In his Response to the Motion to Dismiss, Plaintiff raises an issue not in his initial Complaint as written. Throughout the Response, Plaintiff continually argues that the notice to creates confusion as to whom the debt is due. *See* doc 13 at 6 ("Even if a debt collector conveys the required information, the collector nonetheless violated the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Quoting *DeSantis v. Computer Credit Inc.*, 269 F.3d 159, 161 (2.d Cir. 2001)).

As a general matter, "a district court must confine itself to the four corners of the complaint when deciding" a 12(b)(6) motion. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773

(2nd Cir. 1991).  Plaintiff attempts to bring in new information outside of the Complaint by stating that he had two accounts in default; one with LIPA and one with National Grid, which created his confusion with the letter sent by Defendant.  *See* doc 13 at 2.  This information is outside of the four corners of the Complaint and therefore, does not defeat the Motion.

Even if this information is considered, however, it is important to note that this confusion is not created by Defendant, but by Plaintiff.  *Infra.*

b.  **The Letter from Defendant was not Confusing**

Even if given the opportunity to amend his Complaint and add the new claim, dismissal with prejudice is still appropriate.  The letter sent by Defendant to Plaintiff is not confusing. Rather the mention of both of the entities in control of the finances ensures clarity.  It is a matter of public and common knowledge that National Grid manages the assets of, and is entitled to payments by, LIPA.  Rather than create confusion, as Plaintiff incorrectly suggest, the letter clarifies to whom the debt is actually owed.  Plaintiff admits that he has outstanding debt with both National Grid and LIPA.  By specifying that the debt in question was in reference to Plaintiff's National Grid – Long Island Power account, Defendant is clarifying to which account they are actually attempting to collect on; the LIPA account as managed by National Grid.

In the letter to Plaintiff, Defendant included, along with to whom the debt was owed, the account number for Plaintiff to reference.  Plaintiff's confusion allegedly stems from the fact that he could not have known to which account the letter was referencing, either his LIPA or National Grid account.  While the Plaintiff argues that he could not have known as "the least sophisticated consumer" which account was being referenced; the 2nd Circuit has made clear that "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concepts of reasonableness."  *McStay v. I.C. Systems, Inc.*, 308 F.3d 188, 190-191 (2nd Cir. 2002) quoting

3

their earlier decision in *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd Cir. 1993).  The Court in *McStay* held "when the letter is read here *in its entirety*, it contains no contradictions and creates no reasonable confusion…" 308 F.3d at 191. (emphasis added).  The 2nd Circuit uses the "least sophisticated consumer" standard when reviewing claims such as this.  "This standard requires the Court to analyze the collection letters from the perspective of a debtor who is uninformed, naïve, or trusting, *but is making reasonable and logistical deductions and inferences*.  *Spira v. Ashwood Financial, Inc.*, 258 F.Supp.2d 150, 156 (E.D.N.Y. 2005) citing *Russell v. Equifax A.R.S.*, 74 F.3d. 30, 33 (2d Cir. 1996) (emphasis added).  The Court continued that "[t]he least sophisticated consumer standard therefore 'ensures the protection of all consumers,' but also '*protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices*." *Id*.  (emphasis added).  When read as a whole, making reasonable and logistical deductions and inferences, it would be clear as to which account the letter from Defendant was referring to in its letter to Plaintiff.  The letter contained the name of the creditor as required by the FDCPA, and the account number to which the letter was referring for further clarification.

### III.     Plaintiff Would Not Make an Adequate Class Representative

As this matter is brought as a class action by Plaintiff, the motion to dismiss with prejudice should be granted as Plaintiff has not established himself as a good class representative.  Plaintiff admits that he has both a LIPA and National Grid account, which created his confusion.  Defendant is concerned that Plaintiff is a bad class representative as he seeks to make this a class action lawsuit when he has very unique circumstances, not consistent with a proper class representative.

The pertinent parts of Rule 23 of the Federal Rules of Civil Procedure make it clear the necessary prerequisites needed to claim a matter is a class action.

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> 2. There are questions of law or fact common to the class;
> 3. The claims or defenses of the representative parties are typical of the claims or defenses of the class…
> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
> 3. The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members

Fed. R. Civ. P. 23(a)-(b). Plaintiff's claim that he was confused to whom the debt was owed because he had multiple bills does not meet the prerequisites of a class action representative. Plaintiff's question of law or fact are very unique and do not meet the prerequisites nor the types of class action necessary to be a class representative, as there is no plurality or commonality as to the questions of law or fact. For the above reasons, dismissal with prejudice is appropriate.

Jordan Wexler v. I.C. System, Inc.
Reply in Support of Motion to Dismiss

**Conclusion**

As Defendant has demonstrated, the Court should dismiss this case with prejudice as the letter sent to Plaintiff clearly stated to whom the debt was owed.  Plaintiff has also brought improper arguments that are outside the scope of the Complaint which further the need to dismiss the case, as Plaintiff has shown that he would not make an adequate or just class representative due to his unique circumstances.  Defendant requests the court grant the Motion to Dismiss with Prejudice and any other further relief this Court deems just and proper.

Dated: Hicksville, New York
October 10, 2014

Respectfully submitted,

s/ Bradley J. Levien
BRADLEY J. LEVIEN, ESQ. (BL0503)
MINTZER, SAROWITZ ZERIS
LEDVA & MEYERS, LLP
Local Counsel for Defendant
I.C. SYSTEM, INC.
17 West John Street, Suite 200
Hicksville, NY 11801
(516) 939-9200
BLevien@defensecounsel.com
File # 007602.000020

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2014 I served the foregoing electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Plaintiff, Jordan Wexler via his counsel of record –

Shimshon Wexler, Esq.
The Law Offices of Shimshon Wexler, PC
216 West 104th Street
#129
New York, NY 10025

And, I hereby certify that, to the best of my knowledge and information, there are no other participants on this case requiring service by any means.

Dated: Hicksville, New York
October 10, 2014

                                          Respectfully submitted,

                                          s/ Bradley J. Levien_____
                                          BRADLEY J. LEVIEN, ESQ. (BL0503)
                                          MINTZER, SAROWITZ ZERIS
                                          LEDVA & MEYERS, LLP
                                          Local Counsel for Defendant
                                          I.C. SYSTEM, INC.
                                          17 West John Street, Suite 200
                                          Hicksville, NY 11801
                                          (516) 939-9200
                                          BLevien@defensecounsel.com
                                          File # 007602.000020